UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LEROY JOHNSON

vs.                                        Case No. 8:07-CV-594-T-27MSS
                                    Crim. Case No. 8:05-CR-12-T-27MSS

UNITED STATES OF AMERICA
_____/

ORDER

**BEFORE THE COURT** is Petitioner's *pro se* Amended Motion to Vacate, Set Aside or

Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 16), the United States' Response in

Opposition (CV Dkt. 10), and Petitioner's Reply (CV Dkt. 12). Upon consideration, Petitioner's

motion is DENIED.

### Procedural History

During the execution of a search warrant, law enforcement found images of minor males

engaging in sexually explicit conduct on Petitioner's computer, including a video of Petitioner

engaging in sexually explicit conduct with a minor. The investigation revealed that Petitioner took

sexually explicit photographs of the minors engaged in sexual conduct and that Petitioner and others

had engaged in sexually explicit conduct with one of the minors, that Petitioner produced images of

that conduct, and had transmitted them over the internet to another individual. Petitioner's abuse

of one of the victims began when the victim was approximately eight years old and continued until

- 1 -

he was fourteen or fifteen. (CR Dkt. 45, pp. 21-22; Dkt. 55, pp. 64-65).[1]   After reviewing approximately 25% of approximately 71,000 thumb nails of pictures found on Petitioner's computer, agents found approximately 223 child pornography images and thirty seven child pornography videos, including the video of Petitioner engaged in intercourse with one of the victims (CR Dkt. 55, pp. 72-73).   The two victims later referenced in the Indictment were interviewed by the F.B.I. and confirmed Petitioner's conduct.

Petitioner was indicted on two counts of having produced child pornography in violation of 18 U.S.C. §§ 2251(a) and 2 (Counts One and Two), one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)(Count Three), and one count of transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1)(Count Four) (CR Dkt. 6).   Petitioner pleaded guilty to Counts One, Two and Four without a plea agreement. (CR Dkts. 37, 41, 45, pp. 28-29).   The Government agreed to dismiss Count Three.   Petitioner was sentenced to consecutive terms of 50 years on Counts One and Two, and 40 years on Count Four. (CR Dkts. 47, 55).   Petitioner's sentence was affirmed on appeal. *United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006), *cert. denied,* 549 U.S. 987 (2006).   Petitioner's amended § 2255 motion is timely, having been filed within one year of when his conviction became final.

In his amended § 2255 motion, Petitioner raises six grounds for relief:

**Ground One**:   "Whether Counsel Rendered Ineffective Assistance for Misadvice about the Sentence Petitioner would receive, and failing to explain the plea"

**Ground Two**:   "Counsel Rendered Ineffective Assistance, when counsel failed to Properly Investigate Petitioner's Prior Criminal History."

---

[1] It appears from the record that the transcript of the change of plea hearing/Rule 11 colloquy has been filed twice at CR Dkt. 45 and CR Dkt. 57. For the purposes of this Order and for ease of reference, the Court will only refer to the transcript at CR Dkt. 45.

**Ground Three**: "Misconduct by Government Agents"

**Ground Four**: "Counsel Rendered Ineffective Assistance for failing to object to sentencing Petitioner [sic] to 140 years under Jones v. U.S."

**Ground Five**: "Whether Fundamental and Jurisdictional Defects, Miscarriage of Justice, and Actual Innocence Claims are Asserted."

**Ground Six**: "Whether Counsel Rendered Ineffective Assistance for Failing to Perfect Petitioner's Appeal."

### No Need for Evidentiary Hearing

Generally, if a § 2255 petitioner alleges facts which, if true, would entitle him to relief, an evidentiary hearing is required. *Aron v. United States*, 291 F.3d 708, 715 n.5 (11th Cir. 2002). Section 2255(b) provides that, "[u]nless the motion and files and records of the case conclusively show that petitioner is entitled to no relief," the court should conduct an evidentiary hearing. However, a hearing is not required on patently frivolous claims, those based upon unsupported generalizations, or *where the petitioner's allegations are affirmatively contradicted by the record*. *Vick v. United States*, 730 F.2d 707 (11th Cir. 1984); *United States v. Griffin*, 699 F.2d 1102 (11th Cir. 1983). Here, the record is sufficiently established to summarily reject each of Petitioner's contentions without evidentiary inquiry, as the record conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary.

### Ineffective Assistance of Counsel

In Grounds One, Two, Four and Six, Petitioner contends he received ineffective assistance of counsel during the district court proceedings and on appeal. To prevail on these claims, Petitioner must satisfy the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must demonstrate that his attorney's "representation fell below an objective standard of reasonableness,"

- 3 -

considering the circumstances as they existed at the time of representation. *Id.* at 687-88. He must overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. There is a strong presumption that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*), *cert. denied*, 531 U.S. 1204 (2001); *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002).

Even if Petitioner can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 688, 694. A "reasonable probability" is one that is ". . . sufficient to undermine confidence in the outcome" of the proceedings. *Id.* at 694.

Petitioner pleaded guilty without a plea agreement, although the Government agreed to dismiss Count Three. The *Strickland* two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. *United States v. Pease,* 240 F.3d 938, 941 (11th Cir. 2001). However, an attorney owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must "make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow." *Agan v. Singletary*, 12 F.3d 1012, 1017-18 (11th Cir. 1994).

## Ground One

In Ground One, Petitioner alleges that his attorney failed "to properly advise [him] that he would be facing the maximum sentence of 140 years for his guilty plea and that "but for counsel's

- 4 -

erroneous advice about the sentence he would receive for pleading guilty, [he] would have insisted on proceeding to trial." (CV Dkt. 16, p. 2). Specifically, Petitioner alleges that his attorney "advised [him] that he should plead guilty . . . because he would only receive a sentence in the range of somewhere between 25 to 30 years, and if [he] would [sic] to proceed to trial if found guilty . . . he could be subjected to a more lengthier sentence . . ." (CV Dkt. 16, pp. 6, 21).

Essentially, Petitioner alleges that his attorney advised him to plead guilty rather than go to trial, that his attorney *estimated* a sentence *range,* that the sentence imposed was not what his attorney thought it would be, and his attorney failed to advise him that he would receive the maximum sentence. Accepting Petitioner's allegations as true, he is not entitled to relief on this claim of ineffective assistance of counsel. *Johnson v. Massey,* 516 F.2d 1001, 1002 (5th Cir. 1975)(good faith but erroneous prediction of sentence by counsel does not render guilty plea involuntary). Where, as here, a defendant "pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." *United States v. Lagrone,* 727 F.2d 1037, 1038 (11th Cir. 1984).

During his Rule 11 colloquy, Petitioner testified that he was satisfied with his attorney's representation and had no problems, questions, issues, or concerns about his attorney's representation. (Dkt. 45 at pp. 9-10). He acknowledged that he could not rely on his attorney's estimate of his sentencing guidelines or what sentence he would receive and that he could not withdraw his guilty plea if he relied on any such estimate and was "disappointed" at sentencing. (*Id.* at pp. 15-16.) He expressly confirmed that he had not been threatened and that no promises had been made to him to induce his guilty plea, emphatically stating "not at all." (*Id.)* He confirmed that no one told him what his sentence would be and that "positively" no assurances had been made to him

- 5 -

regarding sentencing. (*Id.* at pp. 16-17). Finally, Petitioner expressly confirmed that anything he was told about sentencing "could not override" the district court's sentencing determination. (*Id.* at p. 27).

The magistrate judge explained the maximum penalty for each count and the applicable mandatory minimums for each count. (CR Dkt. 45, pp. 11-12). Petitioner confirmed that he would be subject to a sentencing enhancement because of his prior lewd and lascivious state court conviction. (CR Dkt. 45, pp. 12; 27-28). Before pleading guilty, Petitioner acknowledged his understanding of the consequences of his guilty pleas, including the maximum penalty for each count. (*Id.*) With two minor exceptions, he admitted the facts proffered by the Government in support of the charges to which he was pleading guilty. (*Id.* at pp. 23-24). Petitioner pleaded guilty because he was, in fact, guilty of the crimes charged in Counts One, Two and Four. (*Id.* at pp. 27-28).

When a defendant enters a guilty plea pursuant to Rule 11, "there is a strong presumption that the statements made during the colloquy are true." *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994); *United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *United States v. Munguia-Ramirez,* 267 Fed.Appx. 894, 897 (11th Cir. 2008). As in *Munguia-Ramirez*, the record demonstrates that Petitioner's guilty plea was knowingly and voluntarily entered. His sworn statements during the Rule 11 plea hearing establish that he understood the minimum mandatory and maximum sentences for each of Counts One, Two and Four. The magistrate judge carefully explained the sentencing range "as to each count" and Petitioner expressly acknowledged his understanding of those sentencing ranges. (CR Dkt. 45, pp. 11-12).

Petitioner's plea colloquy also included an admonition from the magistrate judge that Petitioner could not rely on any predictions, including those of his attorney, as to what sentence would be imposed, that no one, including his attorney, could "with any certainty" assure him of what sentence would be imposed, and if Petitioner relied on what anyone told him, he "could be disappointed at the time of sentencing and in that event cannot for that reason withdraw your plea . . ." After this admonition, the magistrate judge asked of Petitioner: "[D]o you understand that?" Petitioner responded unequivocally: "Yes, ma'am." (*Id.* at pp. 15-16).

Petitioner's sworn responses and confirmations during his Rule 11 plea colloquy expressly contradict the allegations he now makes in Ground One. Accordingly, the record conclusively refutes his claim that his guilty pleas were unknowing or involuntary due to his attorney's alleged assurance "that if I cooperated and plead guilty that I would receive 25 years." (Dkt. 12, p. 4). While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true. *Downs-Morgan v. United States,* 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). Petitioner has not overcome, nor could he, the strong presumption of correctness attaching to his sworn statements during the plea colloquy. In short, "[t]he record does not support [Petitioner's] claim that his guilty plea was involuntary because it was based upon his attorney's assurances regarding the length of the sentence." *United States v. Lagrone*, 727 F.2d at 1038.

Petitioner does not contend that his sworn testimony during the plea colloquy was false, only that his attorney told him to answer yes or no to the judge's questions.[3] That contention, even if true,

---

[3] *United States v. Fountain,* 777 F.2d 351, 356 (7th Cir. 1985), on which Petitioner relies, is inapposite. In that case, the adequacy of the Rule 11 colloquy was addressed, the court observing that "[s]imple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind as required by Rule 11." Unlike the deficient Rule 11 colloquy in *Fountain,* the magistrate judges's Rule 11 colloquy in the instant case was comprehensive, detailed and fully explanatory. The Government proffered a detailed factual basis, with which Petitioner expressly agreed, except for the specific age of one victim and the contention that he gave a victim alcohol or drugs. (CR Dkt. 45, pp. 21-22; 23-24). Petitioner confirmed under oath that he was pleading guilty because he was, in fact, guilty. (*Id.* at pp. 27-28).

does not suggest that his sworn testimony during the plea colloquy was false, only that his answers were to be short, without elaboration.

To the extent Petitioner's claim can be read to include an allegation that his attorney failed to explain that his sentences could be run consecutively, that contention does not require evidentiary inquiry. Even if that allegation is true, Petitioner would not be entitled to relief. Petitioner's guideline range was life in prison, based on an offense level 43, criminal history category V. (CR Dkts. 47; 55, pp. 108-09). Pursuant to USSG § 5G1.2(d), to reach that range, the sentences had to be imposed consecutively.[4] Petitioner's 140 year sentence was within that guideline range.

During his plea colloquy, Petitioner confirmed that he discussed the sentencing guidelines with his attorney and understood how the guidelines applied, that the guidelines were advisory and that the district court could depart below or above the applicable guideline range (CR Dkt. 45 at p. 14). He acknowledged that he could not rely on any prediction as to "what your sentence will be based upon what they think your guideline range will be . . ." (*Id*. at pp. 15-16). Petitioner may not now disavow his express representations made under oath under the guise of an ineffective assistance claim, merely because he did not receive a sentence that he hoped for. Disappointed expectations do not equate to an involuntary and unknowing guilty plea or, for that matter, a bona fide claim of ineffective assistance, considering Petitioner's thorough and comprehensive plea colloquy.

Moreover, the issue of whether the sentences on each count would be imposed consecutive or concurrent was raised by Probation in the PSR. Probation recommended consecutive sentences

---

[4]   Because the highest maximum penalty for an offense of conviction (50 years) was below the applicable guideline, USSG § 5G1.2(d) became applicable (CR Dkt. 55, p. 109). Applying that provision, to reach the applicable guideline range, the sentences would have to be  imposed consecutively to reach the applicable guideline range. Absent application of USSG § 5G1.2(d), Petitioner's minimum sentence would have been 25 years and the maximum sentence would have been 50 years, consistent with defense counsel's and the prosecutor's expectations and Petitioner's disappointed expectations (CR Dkt. 55. pp. 9-10; 41-42).

pursuant to USSG § 5G1.2(d), since the highest maximum penalty on each count was below the advisory range. (*see* Addendum to PSR). Petitioner's attorney filed written objections to Probation's recommendation.[5] At sentencing, the issue of consecutive versus concurrent sentences, as well as the content of the plea colloquy, was the subject of extensive discussion between the Court, defense counsel, the prosecutor, and probation (CR Dkt. 55, pp. 38-43). The Government agreed with Probation's interpretation of the guidelines, which called for consecutive sentences. *(Id.* at p. 38). The Court observed that the applicable guideline range would exceed the maximum penalty for each count. *Id.* at p. 38.

At sentencing, Petitioner's attorney addressed Probation's recommendation of consecutive sentences, arguing against application of USSG § 5G2.1(d). Indeed, Petitioner's attorney presented a well reasoned argument that concurrent sentences would adequately reflect the seriousness of the offense, consistent with what he and the prosecutor mistakenly thought would be the likely sentencing range. (CR Dkt. 55, pp. 41-42; 109-112). Moreover, Petitioner's counsel alluded to the plea colloquy during which the magistrate judge referenced terms of 25-50 years, acknowledging, however, that the magistrate judge did not advise Petitioner that he faced only a maximum of 50 years, as Petitioner seemingly now contends. (CR Dkt. 55, p. 113).[6] The record therefore clearly demonstrates that no one, including Petitioner, was under a mistaken impression that the sentence on each count necessarily would be concurrent. Petitioner knew, by virtue of the plea colloquy, that

---

[5] In the PSR, Probation recommended consecutive sentences pursuant to USSG § 5G1.2(d). In his written objections to the PSR, Petitioner's attorney expressly objected to application of USSG § 5G1.2(d).

[6] At sentencing, the district court expressly confirmed with counsel that the magistrate correctly explained the maximum penalty for each count when she referenced 25 and 50 years, as opposed to advising Petitioner that he faced a maximum of 50 years. (CR Dkt. 55, p. 113).

the sentencing guidelines would be considered by the Court and that the district judge could sentence him below, within or above the applicable guideline range. The sentence imposed was within the advisory guideline range. Accordingly, the record demonstrates that Petitioner knowingly entered his guilty pleas and that he could not rely on what turned out to be counsel's erroneous estimate of the guidelines and sentence range.

Ordinarily, where a petitioner alleges that his attorney misrepresented the maximum penalty he faced and that he would not have pleaded guilty had he not been misadvised, an evidentiary hearing is necessary to develop and establish a complete record. *See United States v. Fairchild,* 803 F.2d 1121 (11th Cir. 1986); *Pitts v. United States,* 763 F.2d 197 (6th Cir. 1985). Where, however, as here, the transcripts of Petitioner's guilty plea hearing and sentencing hearing refute his contentions that he was mislead about the penalties he faced if convicted, an evidentiary hearing is unnecessary, as "the files and records make manifest the lack of merit" of the § 2255 claim. *United States v. Lagrone*, 727 F.2d at 1038; *Griffin v. United States*, 588 F.2d 521 (5th Cir. 1979)(evidentiary hearing not required every time a section 2255 petitioner asserts a claim of ineffective assistance of counsel.); *Saunders v. United States,* 278 Fed.Appx. 976, 978 (11th Cir. 2008)(hearing not required where petitioner's allegations are affirmatively contradicted by the record.); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

Moreover, where, as here, Petitioner claims that he relied on his attorney's assurances of the sentence he was to receive, and his sworn responses to the magistrate's Rule 11 inquiry expressly refute that unexpressed reliance on his attorney's assurances, an evidentiary hearing is unnecessary. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.10 (11th Cir. 1987)(evidentiary hearing unnecessary on defendant's motion to withdraw guilty plea where comprehensive Rule 11 colloquy

- 10 -

was conducted and defendant's sworn responses during colloquy refute defendant's "unexpressed reliance on his attorney's speculation."); *United States v. Oliver*, ___ F.3d ___ , 2008 WL 4787145 (11th Cir. 2008). Simply put, Petitioner's complaints about his attorney's representation cannot overcome his sworn testimony that he was not promised what sentence he would receive and understood that he could not rely on what anyone told him about the sentence he might receive.

Certainly, considering the nature of the charges and the evidence available to the government, Petitioner's attorney's advice that he plead guilty rather than go to trial did not fall below an objective standard of reasonableness. Counsel's advice to Petitioner that by cooperating and pleading guilty, Petitioner could receive a less severe sentence than if he put the Government to its burden, was not outside the range of objectively reasonable advice. That the attorney's prediction turned out to be mistaken, and his estimate of the sentencing guidelines erroneous, does not constitute ineffective assistance of counsel in and of itself and does not undermine the knowing and voluntary nature of Petitioner's guilty pleas. *See United States v. Garcia*, 213 Fed.Appx. 817, 820, (11th Cir. 2007)(where plea agreement and plea colloquy unambiguously establish that defendant understood at time of plea that any estimates provided by either his attorney or the government were merely predictions and not guarantees, and that district court had discretion under post-*Booker* advisory guidelines to impose sentence up to the statutory maximum, guilty plea may not be withdrawn); *Baker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993), *cert. denied*, 510 U.S. 1099 (1994); *United States v. Sweeney*, 878 F.2d 68, 69-70 (2nd Cir. 1989). Moreover, Petitioner cannot show prejudice from any mistaken estimate of the sentencing guidelines by his attorney, as the magistrate judge expressly advised him during his plea colloquy that he could not rely on any estimate by his attorney, which Petitioner expressly acknowledged, and Petitioner nevertheless

pleaded guilty (CR Dkt. 45, pp. 15-16).[7]

Finally, Petitioner cannot show prejudice from any alleged deficiencies in his attorney's

explanation of the possible sentences he could receive, including the maximum penalties he faced.

Before Petitioner entered his guilty plea, the magistrate judge carefully explained the maximum

sentence on each count, the applicable enhancements, and that he could not rely on anything he may

have been told about what sentence he would actually receive.   Petitioner acknowledged his

understanding and thereafter pleaded guilty.   Under these circumstances, he cannot now complain

that his attorney's failure to explain that he "would be facing the maximum sentence of 140 years

for his guilty plea" prejudiced him.   *United States v. Wilson,* 245 Fed.Appx. 10, 11-12 (11th Cir.

2007)(no prejudice from counsel's deficient advice concerning possible sentencing where plea

colloquy detailed consequences of plea, range of punishment, and sentencing contingencies before

accepting defendant's guilty plea; any failure of counsel to clearly explain possible punishment cured

by court's plea colloquy).

At sentencing, Petitioner represented to the district court that his attorney had "been a

wonderful, wonderful person" toward him. (CR Dkt. 55, pp. 113-14).   Considering Petitioner's

sworn statements made during his plea colloquy, and what occurred during sentencing, Ground One

of Petitioner's § 2255 motion is denied without an evidentiary hearing, since on the face of this

record, his contentions that his attorney assured him of the sentence he would receive and that he

---

[7] In fact, during the sentencing hearing, after the extended discussion about the possibility of consecutive sentences, and it became clear that consecutive sentences were a distinct possibility, as recommended by Probation, the district court extended an opportunity to Petitioner to withdraw his guilty pleas because his attorney had not been provided discovery related to a third victim, which was introduced at sentencing by the government in support of a sentencing enhancement (CR Dkt. 55, pp. 86-88). Petitioner confirmed that his attorney discussed with him the option of seeking a continuance or withdrawing his plea and proceeding to trial. *(Id.* at p. 88). Petitioner declined either option and confirmed to the district court that he understood. *(Id.* at p. 89).

relied solely on that assurance in deciding to plead guilty are "wholly incredible." *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied,* 502 U.S. 1105 (1992).

### Ground Two

Petitioner's vague allegation in Ground Two that his prior conviction was "defective," and that his attorney was ineffective in failing to challenge that prior conviction, is without merit. (CV Dkt. 16, p. 11). Moreover, Petitioner's contention that his attorney failed to properly investigate Petitioner's criminal history is refuted by the record. During the plea colloquy, Petitioner expressly acknowledged his prior state court conviction for lewd and lascivious conduct, which enhanced the applicable minimum mandatory sentences. (CR Dkt. 45, pp. 12; 27-28). The PSR summarized this 1988 felony conviction from Hillsborough County, Florida at ¶ 69. Petitioner pleaded guilty to that charge, which involved conduct with two minor males which was remarkably similar the conduct Petitioner admitted having engaged in with the two victims referenced in his Indictment.

At sentencing, his attorney expressly addressed the prior conviction, acknowledging its validity (CR Dkt. 55, p. 42). It is therefore apparent that both Petitioner and his attorney were aware of the prior conviction, its validity, and its impact on Petitioner's sentencing. Petitioner's contentions that his attorney "failed to properly investigate the impact the use of the prior conviction would have," "had no idea about the impact Petitioner's prior would have on his sentencing range," and "had no idea on how the effect of the prior conviction would make such a substantial change in the sentencing table, from the advisory guideline to the maximum statutory application," are patently frivolous and affirmatively contradicted by the record. (CV Dkt. 16, pp. 11-12).

Further, Petitioner cannot show deficient performance on the part of his attorney in failing to challenge his prior conviction or prejudice resulting from any alleged deficient performance.

- 13 -

When Petitioner was sentenced, Eleventh Circuit and Supreme Court precedent precluded a defendant from collaterally attacking a prior conviction during his federal sentencing hearing except on the ground that the conviction was obtained without counsel. As evidenced by Petitioner's own argument in support of his contentions, he was represented by counsel in that case. Counsel could not therefore have been ineffective in failing to raise an issue which had no merit under controlling law at the time. Nor could Petitioner have been prejudiced by his attorney's failure to challenge the prior conviction. Any such challenge would certainly have been rejected under the same controlling Eleventh Circuit and Supreme Court authority. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992)(lawyer's failure to preserve a meritless issue plainly cannot prejudice a client).

Generally, a defendant may not collaterally challenge a prior conviction used to enhance his sentence during the federal sentencing hearing. *United States v. Axam*, 292 Fed.Appx. 776, 780-81 (11th Cir. 2008) (citing *Custis v. United States,* 511 U.S. 485, 497 (1994)).[8] The only recognized exception to this rule is where a defendant was denied the assistance of counsel in the prior proceeding in violation of his Sixth Amendment right to counsel. *United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir. 1993). In that instance, the prior conviction is "presumptively void" and may be challenged during the federal sentencing hearing. *Id.* Petitioner's contentions do not fall within that limited exception.

Petitioner does not contend that he was denied counsel in the state court proceeding which resulted in his conviction for lewd and lascivious conduct. Indeed, in his Amended Memorandum

---

[8] Similarly, with the exception of a Sixth Amendment violation, a federal defendant may not collaterally attack a prior state court conviction used to enhance his federal sentences which is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available." *Daniels v. United States,* 532 U.S. 374, 382 (2001); *McCarthy v. United States,* 320 F.3d 1230, 1234-35 (11th Cir. 2003).

and Traverse, he specifically refers to his defense attorney in that case. (CV Dkt. 16, p. 13; CV Dkt. 16, p. 8). Rather, Petitioner contends that his attorney in that case was ineffective.[9] A claim of ineffective assistance of counsel may not, however, be used as a basis to collaterally attack a prior conviction in a federal sentencing hearing.[10] *United States v. Axam,* 292 Fed.Appx. at 780-81; *United States v. Miller,* 262 Fed.Appx. 226, 231-32 (11th Cir. 2008)("The Supreme Court has considered a defendant's argument that his prior convictions were invalid for sentencing purposes on ineffective-assistance-of-counsel grounds and declined to 'extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel.'") (citing *Custis v. United States,* 511 U.S. at 487-88).

Finally, Petitioner cannot show prejudice from any alleged deficiency in counsel's investigation of his prior conviction or any alleged defect in that conviction. Petitioner was sentenced to the maximum statutory penalty on each count to which he pleaded guilty. His sentences were imposed consecutively, consistent with USSG § 5G1.2(d). Petitioner's prior conviction for lewd and lascivious conduct enhanced the applicable minimum mandatory terms for each count, not the maximum penalty for each count. Petitioner cannot show that there is a reasonable probability that the result of the sentencing hearing would have been different, even if his prior conviction was shown to have been constitutionally invalid. Ground Two has no merit.

---

[9] It is apparent that Petitioner understands that his prior state court conviction was not subject to collateral attack during his federal sentencing except on the ground that he was denied the right to counsel. In his Amended Memorandum, he alludes to the Sixth Amendment right to counsel and cites *Gideon v. Wainwright,* 372 U.S. 335 (1963) (CV Dkt. 16, p. 13). Notwithstanding, it is likewise apparent that he is not claiming that he was denied the right to counsel, since he expressly refers to "his attorney in the prior conviction." *Id.* at p. 14. Additionally, in his Traverse, petitioner again refers to his attorney in the state court proceedings, alleging that "his prior lawyer and prosecutor manipulated into pleading guilty . . ." (CV Dkt. 16, p. 8). Notwithstanding Petitioner's generalized reference to his right to counsel and citation to *Gideon,* it is clear from his argument that he is essentially contending that his state court defense attorney was ineffective, not that he was denied an attorney.

[10] For this reason, to the extent Petitioner's argument is construed to constitute a collateral attack on his prior lewd and lascivious conduct conviction, it has no merit, since Petitioner is claiming that his prior attorney was ineffective, not that he was denied counsel.

**Ground Three**

In Ground Three, Petitioner alleges misconduct on the part of federal agents who executed a search warrant and interviewed Petitioner incident to the search. Petitioner contends that the agents threatened him and that his attorney "cooperated with government agents to induce a guilty plea." (CV Dkt. 16, p. 17). These contentions do not require evidentiary inquiry. First, by pleading guilty, Petitioner waived all non-jurisdictional challenges to his conviction, including any complaints concerning the conduct of the agents who executed the search warrant and interviewed him. Second, Petitioner's allegations that the agents "intimidated" him and that he was "actually coerced in admitting his guilt . . ." and the agents and his attorney cooperated "to induce a guilty plea" are affirmatively contradicted by Petitioner's sworn statements during his Rule 11 plea colloquy.

Petitioner testified that he had not been threatened by anyone and that he had not been promised anything to plead guilty. (CR Dkt. 45, p. 15). Since Petitioner's sworn statements during his plea colloquy "affirmatively contradict" his allegations that the agents threatened him, there is no need to conduct an evidentiary inquiry. *Vick v. United States,* supra; *United States v. Thomas*, 270 Fed.Appx. 809, 810 (11th Cir. 2008), *cert. denied,* 129 S.Ct. 245 (2008)("To the extent that Thomas alleges that federal agents induced him to cooperate and to plead guilty with promises outside the plea agreement, his testimony at the change-of-plea hearing refutes the argument.") Ground Three is accordingly without merit.

**Ground Four**

With respect to Ground Four, the record, including the opinion of the Eleventh Circuit affirming Petitioner's sentence, conclusively refutes Petitioner's claim of ineffective assistance of counsel for failing to object to the sentence imposed or to perfect an appeal. On appeal, Petitioner's

attorney argued that Petitioner's sentence was unreasonable and in violation of the Eighth Amendment prohibition against cruel and unusual punishment. In its opinion affirming Petitioner's sentence, the Eleventh Circuit considered the legality of Petitioner's sentence *de novo*, notwithstanding that Petitioner's attorney had not formally objected to the sentence imposed. *United States v. Johnson*, 451 F.3d at 1242 ("However, because the court did not give Johnson an opportunity to raise his Eighth Amendment objection, we will review *de novo* the legality of his sentence.") Accordingly, Petitioner cannot show prejudice from counsel's failure to formally object to the sentence imposed.[11]  Ground Four is without merit.

**Ground Five**

In Ground Five, Petitioner contends that "fundamental defects, and jurisdictional defects have occurred, where Petitioner has been denied effective assistance of counsel, and has made a bona fide claim that he is actually innocent of the criminal history category classification, and penalty enhancements" (CV Dkt. 16, p. 23). Specifically, he contends:

> Moreover, Petitioner Johnson asserts he is actually innocent of the criteria of the criminal history category and the calculations made in the (PSI) and expressly relied upon at sentencing under the U.S.S.G. and actually innocent of the criteria necessary for the enhanced punishment or penalties imposed during the sentencing hearing and because during the prior criminal proceedings, and where Petitioner was never advised offered, or provided assistance of counsel for critical stages of the criminal proceedings, to challenge the plea and the jurisdictional defects that may have occurred.

(CV Dkt. 16).

---

[11] To the extent in Grounds Four and Five Petitioner contends that there was an *Apprendi* violation, that contention has no merit. (*See* CV Dkt. 16, pp. 21-22; 24). Petitioner was sentenced after *Booker v. United States,* 543 U.S. 220 (2005). The sentencing guidelines were applied in an advisory manner and accordingly, any judicial fact-finding by the district court did not violate the Sixth Amendment. *United States v. Dudley,* 463 F.3d 1221, 1228 (11th Cir. 2006).

- 17 -

To the extent Petitioner is claiming that he is actually innocent of the offenses to which he pleaded guilty, that contention is patently frivolous. Pleading guilty necessarily admits the commission of the crime. *See United States v. Broce*, 488 U.S. 563, 570 (1989). To the extent he is contending that he is actually innocent of his prior state court conviction for lewd and lascivious conduct, he is precluded from collaterally attacking that conviction in a § 2255 motion, as discussed in Ground Two. *McCarthy v. United States*, 320 F.3d at 1234-35; *Daniels v. United States*, 532 U.S. at 382 (federal defendant may not collaterally attack a prior state court conviction used to enhance his federal sentences which is "no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available.")

Construing his motion liberally, Petitioner seemingly argues that his prior state court conviction for lewd and lascivious conduct was obtained without counsel. (". . . and because during the prior criminal proceedings, and where Petitioner was never advised, offered, or provided assistance of counsel for critical stages of the criminal proceedings, to challenge the plea and the jurisdictional defects that may have occurred.). This contention is nothing short of fanciful, if not outright false. As discussed in Ground Two, Petitioner was in fact represented by counsel in that case, as evidenced by his own specific reference to his attorney in his memorandum and Traverse. (CV Dkt. 16, pp. 8; 13).

Petitioner contends that "he is actually innocent of the criteria necessary for the enhanced punishment or penalties." If Petitioner is referring to the evidence establishing that he produced and possessed child pornography, including his involvement with the third victim, that contention is without merit.   At sentencing, the Government presented the testimony of an F.B.I. agent who related the substance of the interviews with victims one and two.  Explicit video and photographs

- 18 -

of the victims engaged in various sexual acts, as well as Petitioner engaged in sexual conduct with one of the victims, were found on Petitioner's computer, several of which were introduced into evidence. Victims one and two confirmed that Petitioner took photographs of them. Victims one and two confirmed their respective ages when the photographs were taken, as well as the age of victim three. The evidence established by a preponderance of the evidence that Petitioner photographed the three victims engaged in various sexual acts, that all three victims were minors when that activity took place, and that Petitioner possessed the images on his computer. Petitioner's contention of actual innocence is frivolous.

The Indictment alleged conduct by Petitioner only as to victims one and two. Accordingly, the evidence introduced as to victim three required the Court to engage in judicial fact-finding which ultimately impacted Petitioner's sentencing guidelines. To the extent Petitioner contends that his Sixth Amendment rights were violated by that judicial fact-finding, his contention is without merit, as discussed in Ground Three. The sentencing guidelines were applied in an advisory manner and accordingly, any judicial fact-finding by the district court did not violate the Sixth Amendment. *United States v. Dudley,* 463 F.3d 1221, 1228 (11th Cir. 2006).

Finally, there are no fundamental or jurisdictional defects and there was no miscarriage of justice, all as conclusively demonstrated by the record. Ground Five is without merit.

### Ground Six

In Ground Six, Petitioner alleges that his appellate attorney was ineffective in "failing to perfect Petitioner's direct appeal." (CV Dkt, 16, p. 25). Other that the conclusory allegation that his attorney was ineffective in "only bringing forth one claim of cruel and unusual punishment," Petitioner identifies no issues his attorney could have but did not raise on appeal. Certainly no such

- 19 -

issues with merit have been identified by Petitioner in his § 2255 motion. Appellate counsel is not

ineffective in failing to raise claims "reasonably considered to be without merit." *United States v.*

*Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000), *cert. denied,* 531 U.S. 1131 (2001) (citing *Alvord v.*

*Wainwright,* 725 F.2d 1282, 1291 (11th Cir. 1984)). Ground Six is without merit.

### Conclusion

Each of Petitioner's contentions are without merit. The "motion and files and records of the

case conclusively show that petitioner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

there is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any

annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

*Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1*6*) is **DENIED**. The Clerk is directed to enter

judgment against Petitioner, terminate any pending motions, and close this case.

**DONE AND ORDERED** in chambers this ___9___ day of April, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record